## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT LEWIS HAWKINS-BEY, JR., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | CIVIL ACTION NO. 11-00612-KD-B |
| | : | |
| CYNTHIA WHITE, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

Robert Lewis Hawkins-Bey, Jr., an Alabama prison inmate proceeding *pro se*, brought this action seeking habeas relief under 28 U.S.C. § 2254. This matter has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases, and is now ready for consideration.[1] Upon careful consideration, it is recommended that this action be dismissed as a successive petition under 28 U.S.C. § 2244(b)(3)(A).

---

[1]  The record is adequate to determine Petitioner's claim; thus, no federal evidentiary hearing is required. Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1333-35 (11th Cir. 2004), cert. denied, 545 U.S. 1149 (2005).

## I.    NATURE OF PROCEEDINGS

In 1983, Hawkins-Bey[2] ("Hawkins") was convicted of murder in the Circuit Court of Mobile County, Alabama. He was sentenced to life without the possibility of parole pursuant to the Alabama Habitual Felony Offender Act. (Docs. 1 at 2; 11, Exh. B). Hawkins appealed, and on August 30, 1983, his conviction and sentence were affirmed on appeal by the Alabama Court of Criminal Appeals.[3] A Certificate of Judgment was issued on January 13, 1984. See Hawkins v. Jones, 00-0938-CB-M (S.D. Ala. Mar. 22, 2001)(Doc. 16). Following the Certificate of Judgment, Hawkins filed an error coram nobis petition and four different Rule 32 petitions, all of which were denied.[4] (Id.). On October 19, 2000, Hawkins filed a § 2254 habeas petition with this Court. Upon review, it was determined that Hawkins' petition was filed beyond the one-year statute of limitations period contained in the Anti-Terrorism and Effective Death Penalty Act of 1996; thus, the petition was dismissed as untimely. (Id.; 17).

---

[2]   Petitioner is referenced as Robert Hawkins in the prior legal proceedings.

[3]   Hawkins v. State, 443 So. 2d 1312 (Ala. Crim. App. 1983).

[4]   Hawkins has also filed additional state motions seeking to challenge his murder convictions. (Doc.  11).

On October 26, 2011, Hawkins filed the instant federal petition seeking habeas relief. (Doc. 1). In the instant action, Hawkins is again attacking his sentence and arguing that he should not have been sentenced as a habitual offender. (Docs. 1, 12). Respondent filed an Answer and Amended Answer alleging that Hawkins' petition should be dismissed because it is untimely, and his claims are procedurally defaulted. (Docs. 8, 11).

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA") added the provision under 28 U.S.C. §2244(b)(3)(A), which requires that "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" Guenther v. Holt, 173 F.3d 1328, 1330 (11th Cir. 1999) (quoting 28 U.S.C. § 2244(b)(3)(A)), cert. denied, 528 U.S. 1085 (2000).

As noted supra, Hawkins' first federal habeas petition was filed on October 19, 2000, and was dismissed on March 22, 2001 as time-barred. His current petition, filed on October 26, 2011, is clearly a successive petition. As such, this Court lacks jurisdiction to entertain the current petition absent Hawkins' first obtaining permission from the Eleventh Circuit Court of Appeals. Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir.), cert.

denied, 520 U.S. 1203 (1997). Hawkins has not alleged nor demonstrated that he obtained an order from the Eleventh Circuit authorizing this Court to consider the instant petition. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). Because the record is devoid of any evidence demonstrating that Hawkins has obtained permission from the Eleventh Circuit Court of Appeals to file this successive habeas petition, this Court lacks jurisdiction to consider his request for habeas relief.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct

4

in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000); see Miller-EL v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L.Ed. 2d 931 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'").

In the instant action, Hawkins has not applied to the Eleventh Circuit Court of Appeals for permission to file this successive federal habeas petition in this Court. Thus, this Court is without jurisdiction to consider the instant petition. Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."). Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error for dismissing the instant petition or that Hawkins should be allowed to proceed further. See Slack, 529 U.S. at 484, 120 S. Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends

that the Court conclude that no reasonable jurist could find it debatable whether Hawkins' petition should be dismissed. As a result, he is not entitled to a certificate of appealability.

## IV. CONCLUSION

For the reasons set forth above, the undersigned recommends that the Court dismiss Hawkins' petition as an improper successive petition, and find that he is not entitled to a certificate of appealability, and is further not entitled to proceed *in forma pauperis* on appeal.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the **29th** day of **June, 2012.**

                              **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[5] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[5]   Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**   Any opposing party may submit a brief opposing the objection within fourteen) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.   Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    **DONE** this **29th** day of **June, 2012.**

                                    /s/ SONJA F. BIVINS
                            UNITED STATES MAGISTRATE JUDGE